<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES E. SMITH, | : | Civil Action No. 05-901 (FLW) |
| Petitioner, | : | |
| v. | : | <u>OPINION</u> |
| WARDEN MINER, | : | |
| Respondent. | : | |

**APPEARANCES**:

    JAMES E. SMITH, #09565-016
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner <u>Pro</u> <u>Se</u>

**WOLFSON**, District Judge

    Petitioner James E. Smith filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738 (2005).  Having thoroughly reviewed the papers, this Court summarily dismisses the Petition for lack of jurisdiction.

**I.  BACKGROUND**

    Petitioner challenges a 33-year sentence entered in the United States District Court for the Eastern District of Virginia on May 16, 1991, after jury found him guilty of  interstate travel to promote drug trafficking, 18 U.S.C. § 1952(a); possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1); use of a telephone to facilitate drug trafficking, 21 U.S.C. § 843(b); and

possession of a firearm by a convicted felon, 18 U.S.C. § 922(g); and distribution of heroin, 21 U.S.C. § 841(a)(1).  The United States Court of Appeals for the Fourth Circuit affirmed on June 10, 1992, and the United States Supreme Court denied certiorari on February 22, 1993.

The sentencing court denied Petitioner's first motion to vacate the sentence under 28 U.S.C. § 2255 on December 7, 1994.  The sentencing court denied his second § 2255 motion to vacate in 1997.  In September 2004, the Fourth Circuit denied Petitioner's motion to file a second or successive § 2255 motion based on Blakely v. Washington, 124 S.Ct. 2531 (2004).

Petitioner, who is now incarcerated at F.C.I. Fairton in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence.  He argues that, under Booker, his right to a jury trail was violated because he was sentenced on the basis of facts which were not found by a jury beyond a reasonable doubt or admitted by defendant.  He contends that this Court has jurisdiction to entertain his Booker claim under § 2241 because he is actually innocent of the aggravated offense for which he was sentenced, Booker should be applied retroactively, and § 2255 is inadequate or ineffective to assert his Booker claim.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits

2

that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

>Section 2241 of Title 28 of the United States Code provides in relevant part:

>>(c) The writ of habeas corpus shall not extend to a prisoner unless–
>>. . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

>>A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. §
> 2241] in behalf of a prisoner who is authorized to apply for relief
> by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim based on a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3] The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.[4] However, the court held that, in

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See " Bousley v. United States, 523 U.S. 614 (1998). "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously
(continued...)

this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective. The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

Dorsainvil at 251 (emphasis added).[5]

---

[4](...continued)
unavailable. 28 U.S.C. §§ 2255, ¶ 8.

[5] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United
(continued...)

6

Turning to the case at bar, Petitioner argues that his 33-year sentence is unconstitutional under Booker because the sentencing court enhanced it beyond the 63-month maximum on the basis of facts that were not found by the jury or admitted by Petitioner. It is clear that a Booker claim is within the scope of claims that are cognizable under § 2255. Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's Booker claim unless § 2255 is inadequate or ineffective for him to raise it.

Booker evolved from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).[6] In Apprendi, the Supreme Court determined that Apprendi had a constitutional

---

[5](...continued) States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

[6] The Booker Court traced the evolution of its holding from Apprendi and its progeny, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely. In Ring, the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death

(continued...)

right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

Petitioner is correct that Booker is a change of law that was announced after Petitioner's conviction became final and after his first § 2255 motion was decided.  Petitioner was not permitted to raise his Booker claim in a successive § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court.[7]  See In re Olopade, 403

---

[6](...continued)
penalty.  Ring, 536 U.S. at 602.  In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 124 S.Ct. at 2537 (emphasis in original).

[7] In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255.  As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the
(continued...)

F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his Booker claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539. Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker claim, even where he had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final and his first § 2255 motion was decided.  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi claim, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a Booker claim.  Like Apprendi, Booker deals with

---

[7](...continued)
motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

sentencing and does not decriminalize the conduct for which Petitioner was convicted. Accordingly, this Court lacks jurisdiction to entertain Petitioner's Booker claim under § 2241. Cf. Okereke, 307 F.3d at 120-21.

Even if this Court had jurisdiction to entertain Petitioner's claims, he could not prevail because the United States Court of Appeals for the Third Circuit recently determined that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, __ F.3d __ 2005 WL 1155220 (3d Cir. May 17, 2005); see also Schriro v. Summerlin, 124 S.Ct. 2519 (2004) (because Ring is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[8]; United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

    s/Freda L. Wolfson
    FREDA L. WOLFSON, U.S.D.J.

Dated:  June 3   , 2005

---

[8] The Supreme Court reasoned that, because Ring "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review. Schriro, 124 S.Ct. at 2523.